No. ——

First Circuit Appeal

## SUCCESSION OF WILLIAM F. WILLIAMS OPPOSITION OF MRS. ERNESTINE Z. WERDEBAUGH

(March 2, 1925, Opinion and Decree.)
(May 5, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
The opinion of the district judge as to the proof of a contract of employment and a quantum meruit for services being clearly correct, is affirmed.

2. Louisiana Digest—Laws—Par. 72; Evidence—Par. 280, 340, 344.
Under Act No. 207 of 1906, page 361, when the asserted indebtedness has been judicially demanded within twelve months from the death of the debtor, the debt may be proven by parol evidence.

Appeal from the Parish of Lafourche, Hon. Robert B. Butler, Judge.

This is an opposition involving a suit against a succession and also an opposition to the sale of succession property.

There was judgment for plaintiff, opponent and the succession appealed.

Judgment affirmed.

Howell & Wortham, of Thibodaux, attorneys for plaintiff, appellee.

J. A. O. Coignet, of Houma, attorney for defendant, appellant.

LECHE, J. William F. Williams died intestate in the Parish of Lafourche on October 11, 1923. His succession was opened October 25th and Charles D. Stanwood was confirmed as administrator November 23, 1923.

Mrs. Ernestine Z. Werdebaugh, first brought suit against the succession and she later on, filed an opposition in the sale of the succession property, praying for recognition and payment of the claim upon which she had previously sued, so that her demand has been merged into her present opposition. The Pan-American Life Insurance Company, holder of a special mortgage bearing upon the property of the succession, as the principal party having a counter interest, intervened in the proceedings and joined the administrator in opposing the demand of Mrs. Werdebaugh. The succession, we assume, is insolvent and if the privilege claimed by opponent, should be recognized, it could only be satisfied to the detriment of the Pan-American Life Insurance Company's mortgage claim.

Mrs. Werdebaugh's demand is based upon two distinct claims:

First, for salary as secretary and clerk, and general overseer of deceased's Sunny

Side plantation, from February 4, 1921, to June 2, 1923, at $15.00 per week, totaling $1030.56 with interest from June 2, 1923, and

Second, for compensation as nurse during the last illness of deceased, from June 2, 1923, to October 11, 1923, at $6.00 per day, totaling $786.00 with interest from December 15, 1923, and she prays for recognition of her lien and privilege and for separate appraisement and sale of movables belonging to the succession.

The property of the succession was sold on January 26, 1924, and by consent of all parties, the purchaser furnished bond with security to stand in lieu of the property for the satisfaction of such privileges as might be judicially recognized.

Opponent's first claim is based upon a contract of employment and the second upon a quantum meruit.

We understand from the testimony in the record, that opponent who formerly resided in the City of New Orleans, came to the home of the decedent, William F. Williams about the 4th day of February, 1921. Williams lived alone, had no family and the management of his household was at once assumed by opponent, Louvinia Johnson, who cooked and washed for the decedent, says that opponent took charge of the running of the house; that she managed the yard; that she went in the field, taking out the hands in the morning and would stay in the field until 12 o'clock; and that in the evening she would go back. That Williams would often go to New Orleans and was absent a good deal, and that opponent would remain there and see to everything.

When Williams fell sick, on June 11, 1923, opponent at once assumed the duties of nurse. She does not claim to have been specially employed at a fixed price for such service, but she nevertheless performed the duties of a nurse and her services were accepted by Williams.

Taking up the two claims in inverse order, our appreciation of the evidence is that opponent's services as nurse were undoubtedly rendered for the time claimed, that such services were arduous, were accepted by the deceased, were absolutely necessary and were of great benefit to him. Their rendition was amply proved by opponent, by Stanwood the administrator, and by two physicians of high repute. Both of these physicians, Dr. Stark and Dr. Kleinpeter, testify that opponent's services were onerous, were rendered intelligently and faithfully and were fully worth as much as if rendered by a trained nurse and that in their opinion, six dollars per day was a fair compensation. Whether the evidence upon this claim be weighed from the ordinary standpoint or under Article C. C. 2277, or the provisions of Act 207 of 1906, it is ample to sustain the demand of opponent.

Opponent's contract of employment, as secretary and clerk, and manager of deceased's Sunny Side plantation is directly established solely by her own testimony, but there are numerous corroborative circumstances. It is inconceivable that opponent would have removed from the City of New Orleans to the home of deceased in the Parish of Lafourche, without some invitation or engagement on the part of the latter, and that as soon as she reached her destination she should have at once taken charge of the household affairs of the deceased and superintend field operations on his plantation. The services which she claims she was engaged to perform, are proven by Louvenia Johnson, by Stanwood and are reluctantly admitted by Hebert, field foreman and by Lirette, witnesses who were hostile to opponent. After the death of Williams, the administrator continued the employment of opponent and paid her $15.00 per week.

We feel no hesitancy in saying that the proof is sufficient if measured under the provision of Article 2277 C. C. Counsel for intervenors however, urge that under the terms of Act 207, p. 361, of 1906, opponent's demand should be rejected for the reason that she has failed to sustain her demand by the testimony of at least one credible witness of good moral character besides herself. This defense involves the serious question, whether opponent's claim should be considered as included within the terms of the Act of 1906. That act excludes the competency of parol proof to establish a debt or liability on the part of a deceased person, except when such parol proof consists of the testimony of at least one credible witness of good moral character besides the plaintiff, or except it be to corroborate a written acknowledgment signed by the debtor, or unless an action on the asserted indebtedness shall have been brought within a delay of twelve months.

It appears from the language thus used by the law-maker, that there are three exceptions to the rule of incompetency first stated in the statute, and these exceptions are 1, when a credible witness of good moral character besides plaintiff so testifies; 2, when the debtor has signed a witten acknowledgment, and; 3, when the asserted indebtedness has been judicially demanded within twelve months from the death of the debtor. But it appears on the face of the record in this case, that opponent did make judicial demand before the expiration of twelve months from the death of her debtor, so that her claim cannot be considered as included within the rule of incompetency of parol evidence.

The district judge decided in favor of opponent and granted her demand.

We believe his judgment is correct and should be affirmed, and

It is so ordered.